UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Roehrs,<br><br>    Plaintiff,<br><br>v.<br><br>Sandra Walstrom, Ervin Abraham, Janet Tharp, and Garry Walstrom,<br><br>    Defendants. | No. 23-cv-01885 (SRN/DLM)<br><br><br><br>**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER** |

Barbara P. Berens, Berens & Miller, PA, 80 S. 8th Street, Suite 3720, Minneapolis, MN, 55402, for Plaintiff.

Bartley Steven Messick and Bethany Jean Rubis, Ask, LLP, 2600 Eagan Woods Dr., Ste. 400, Eagan, MN 55121, for Defendants Sandra and Garry Walstrom.

J. Robert Keena and Neven Selimovic, Hellmuth & Johnson, PLLC, 8050 W. 78th St., Edina, MN 55439, for Defendant Janet Tharp.

SUSAN RICHARD NELSON, United States District Judge

  Before the Court is the Motion for a Temporary Restraining Order ("TRO") [Doc. No. 8] filed by Plaintiff Steven Roehrs ("Plaintiff" or "Steven"). For the reasons set forth below, Plaintiff's motion is denied.

**I.  BACKGROUND**

  Plaintiff filed this action concerning a dispute about a trust created by his father, Ronald E. Roehrs (the "Trust"). Plaintiff is one of six beneficiaries of the Trust, as set forth in the Trust Agreement. (Berens Decl. [Doc. No. 11], Ex. A (Tr. Agmt.)) The other

1

beneficiaries are Steven's siblings.[1] (*Id*. § V.A–B.) The primary asset of the Trust is approximately 120 acres of farmland located in Waseca County, Minnesota. (*See id*. at Sched. of Tr. Assets.) Steven asserts claims for declaratory judgment, unjust enrichment, violations of Minn. Stat. § 501C.0813 and the Trust Agreement, breaches of fiduciary duty, conversion, aiding and abetting and concerted action liability. (Compl. [Doc. No. 1] Counts I–VI.) Jurisdiction is based on diversity of citizenship. (*Id*. ¶ 4.)

Pursuant to the terms of the Trust Agreement, after the death of Ronald Roehrs, Ronald's widow and Plaintiff's stepmother, Marvel E. Roehrs ("Marvel" or "Bonnie"), became the Trustee. (Tr. Agmt. § V.A.) In addition, upon Ronald's death, the Trust Agreement gives Marvel the right to occupy a residence located on the Trust land "for so long as she wishes to occupy it as her principal residence," as well as a life estate in the Farmland owned by the Trust, and all personal property and effects formerly owned by Ronald. (*Id*.) Steven contends that Marvel is now incapacitated and unable to fulfill her obligations as Trustee. (Compl. at 1, 23.)

The beneficiaries of the Trust are Steven and his siblings: Rhonda Conrath, Michael Roehrs, Daniel Roehrs, Defendant Sandra Walstrom, and Defendant Janet Tharp. (*Id*. at 1.) Defendant Ervin Abraham is Plaintiff's stepbrother, and Defendant Garry Walstrom is Plaintiff's brother-in-law and the spouse of Sandra. (*Id*. at 1–2.)

Particularly relevant here are the following provisions of the Trust Agreement:

---

[1] While the Court typically refers to the parties by last name, where more than one party shares the same name, the Court will refer to them by first name.

> B. Death or Disability of the Grantor as Trustee.  If at any time the Grantor has a disability (as previously defined)[2], or upon the death of the Grantor, **Marvel B. Roehrs**, is designated as the successor Trustee.  Such designee shall become the successor Trustee upon acceptance of the terms and conditions of this Trust.  If the successor Trustee is unable or unwilling to serve, Steven Roehrs is designated as alternate successor Trustee.
>
> C. Resignation of Trustee.  The Trustee, or any successor may resign at any time by giving **10** days written notice to the Grantor.  If the Grantor is deceased, such notice shall be given to all adult beneficiaries, and to a parent or guardian, if any, of each minor beneficiary.
>
> D.  Successor Trustee.  The beneficiaries to whom such notice of resignation is given shall designate a successor Trustee by written notice to the resigning Trustee within 20 days after receipt of the notice of resignation.  If a successor Trustee is not so designated, the resigning Trustee shall have the right to secure the appointment of a successor Trustee by a court of competent jurisdiction, at the expense of the trust.

(Tr. Agmt. § VII.B.)

Steven alleges that four of his siblings and fellow Trust beneficiaries—Janet Tharp, Sandra Walstrom, Daniel Roehrs, and Rhonda Conrath—unlawfully voted to name Tharp as Successor Trustee if Marvel is no longer Trustee.  (Compl. at 2.)  Plaintiff contends that under the Trust Agreement, he is the rightful Successor Trustee.  (*Id*.)  Even prior to the vote, Plaintiff asserts that Sandra and Defendant Ervin Abraham, Marvel's biological son,

---

[2] As to disability, the Trust provides that

> "disability" shall mean a legal disability or the inability to provide prompt and intelligent consideration to financial matters by reasons of illness or mental or physical disability.  The determination of whether the Grantor has a disability shall be made by the Grantor's most recent attending physician.  The Trustee shall be entitled to reply on written notice of that determination.

(Tr. Agmt. § IV.B.)

3

have unlawfully acted as de facto trustees.³ (*Id*. at 1–2.) Steven further contends that Defendant Garry Walstrom, Sandra's husband, and Tharp have acted in furtherance of Sandra and Abraham's impermissible conduct by renting the farmland to the Walstroms for less than fair market rental value. (*See id*. at 2.)

On June 20, 2023, Marvel gave written notice of her intent to resign as Trustee, effective 10 days from the date of service of the letter. (Berens Decl., Ex. C (June 21, 2023 Ltr. From Marvel Roehrs to J. Hanks; June 20, 2023 Resignation Notice).) She also gave notice of her intent to relocate her primary residence within 40 days of the date of the letter. (*Id*.)

**A. Federal Lawsuit**

In this lawsuit, filed on June 21, 2023, Plaintiff seeks a declaration that: (1) Marvel is unable to continue as Trustee and is therefore removed; (2) the four siblings' vote naming Tharp as Successor Trustee is invalid under Minn Stat. § 501C.0704(c) and the express terms of the Trust Agreement; (3) Tharp is not permitted to usurp Plaintiff's role as Successor Trustee; (4) Plaintiff shall be appointed to serve as Successor Trustee; and (5) the Trust's farmland may not be sold until the issues raised by Plaintiff's challenges have been resolved on the merits. (Compl. at 23.) Through Plaintiff's other claims, he seeks a disgorgement of funds reflecting the difference between fair market rent and actual rent paid by the Walstroms for use of the Trust's farmland (*id*., Count II), contends that Sandra and Abraham have breached their fiduciary duties as de facto trustees by permitting the

---

³ In March 2021, Marvel granted Sandra and Abraham powers of attorney on her behalf. (Compl., Ex. A.)

farmland to be rented at less than fair market value (*id.*, Count IV), that all of the Defendants have aided and abetted the unlawful, impermissible conduct concerning the Trust, (*id.*, Count VI), and he requests that as Successor Trustee, the Court permit him to conduct a detailed audit of all Trust records. (*Id.* at 23.) Steven also seeks attorney's fees and costs.

### B. State Court Lawsuit

Four months prior to the filing of the instant lawsuit, Steven's sibling Michael, whose interests appear to be aligned with Steven's, filed a petition in Minnesota State Court, Waseca County, *In the Matter of the Ronald E. Roehrs Trust dated August 9, 1999*, No. 81-CV-23-104 (Waseca Cnty. 2023, Pet., Doc. No. 2). Michael was represented by the Mankato-based Blethen Berens firm. (Waseca Cnty., Notice of Representation & Parties, Doc. No. 1.) Tharp, Sandra, Conrath, Daniel, and Marvel were represented by counsel in state court, while Steven appeared pro se. (*Id.*)

Michael's state court petition, captioned "Petition for Removal of Trustee, Appointment of Successor Trustee, Accounting, and Other Relief," concerned the same Trust at issue in the federal lawsuit. In the Petition, Michael sought: (1) the removal of Marvel as Trustee due to her incapacity (Selimovic Aff. [Doc. No. 19], Ex. E (Waseca Cnty. Am. Pet.), Count I); (2) the appointment of Steven as Successor Trustee (*id.*, Count II); (3) an accounting and expenditure of Trust assets (*id.*, Count III); (4) investment of Trust assets and injunctive relief (*id.*, Count IV); and (5) interpretation of the Trust Agreement language such that any excess income, after payment of various taxes and maintenance fees, be added to the principal of the Trust and not distributed to Marvel or

any other beneficiary for any other purpose. (*Id.*, Count V).  As to the requested injunctive relief, Michael sought to enjoin Marvel, in the event she was not removed as Trustee, from renting the farmland for crop year 2023–24 or future crop years except under one of the following conditions: (1) at fair market value as determined by open, competitive bids; (2) in an amount approved by the written consent of all qualified beneficiaries; or (3) upon an order from the court. (*Id.*, Count IV.)  In addition, Michael sought a detailed audit of the Trust records, as well as attorney's fees and costs. (*Id.* at 13.)

Among the documents filed in the state court docket was a June 5, 2023 Notice of Lis Pendens filed by Barbara Berens, who appears as counsel for Steven in the federal court action. (Selimovic Aff., Ex. F (Waseca Cnty. Notice of Lis Pendens).)  The document provides constructive notice to any prospective property buyers that the Trust property is in dispute and is the subject of pending litigation. (*Id.* at 1.)

In the state court action, Michael filed a motion for a preliminary injunction in which he sought to remove Marvel as Trustee, appoint Steven as Interim Trustee, and to prohibit Marvel from renting the farmland at below market rates. (Waseca Cnty., Pl.'s Mem. Supp. Mot. for Prelim. Injunction, Doc. No. 24; Pl.'s Supp'l Mem. at 1, Doc. No. 49.)  Judge Carol M. Hanks, presiding over the state court action, denied the motion. (Selimovic Aff., Ex. G (Waseca Cnty., June 13, 2023 Order at 1).  Although Judge Hanks did not provide her reasoning in the ruling, at the hearing on the motion, she voiced her agreement with the interpretation of the Trust Agreement proffered by Mr. John Robert Keena, counsel for

Tharp, Conrath, and Daniel.[4] (Waseca Cnty., Apr. 5, 2023 Tr. at 12, Doc. No. 58) (Stating, "Mr. Keena, I want to thank you because your reading of this Trust is exactly how I read it, and I was questioning why we are here.").

As noted, on June 20, 2023, Marvel gave notice of her intent to resign as Trustee, effective 10 days from the date of service of the letter. (June 20, 2023 Resignation Notice.) On July 7, 2023—the same day that Steven filed the instant Motion for a TRO in federal court—counsel for Tharp asked the Waseca County Court for an interim order confirming Tharp's appointment as Trustee following Marvel's resignation. (Waseca Cnty., July 7, 2023 Letter, Doc. No. 59.) On July 11, 2023, Judge Hanks confirmed Tharp's appointment as Trustee, and ordered entry of judgment. (Selimovic Aff., Ex. A (July 11, 2023 Order).) The Clerk of Court entered judgment on July 19, 2023 and closed the state court case. (Waseca Cnty., J. and Notice of Entry of J., Doc. Nos. 65 & 66.)

### C. Motion for a Temporary Restraining Order

In Steven's TRO Motion, he moves for relief "to maintain the status quo by stopping any action by the Defendants, including Janet as the purported trustee, until there is a determination about who is the proper trustee under the terms of the trust agreement and

---

[4] Mr. Keena had argued that pursuant to the terms of the Trust Agreement: (1) as long as the Trustee preserves the Trust, i.e., the farm, and meets various obligations such as taxes, the Trustee is under no obligation to rent the property at a particular rental rate, and may invest Trust assets and receive reasonable compensation for their services as Trustee; and (2) Steven, as Alternate Successor Trustee, could become the Successor Trustee, if, at the time of his father's death, Marvel was deceased or unable to serve as Trustee, which did not occur; and (3) in all other circumstances, when Marvel's time as Trustee ends, the beneficiaries may designate a new Trustee by voting. (Waseca Cnty., Apr. 5, 2023 Tr. at 6–12, Doc. No. 58.)

7

Minnesota law." (Pl.'s Mem. [Doc. No. 10] at 15.) He contends that "several very time-sensitive issues [] will cause irreparable harm, including, inter alia, the sale of unique trust farmland property by an unauthorized 'trustee,'" absent entry of a TRO. (*Id*.) Steven asserts that the letter announcing Tharp's election as Trustee was sent to the bank that holds the Trust's bank account, and shortly thereafter, Tharp sought to access the account. (S. Roehrs Aff. [Doc. No. 12] ¶ 5.) In addition, he contends that on a recent visit to Minnesota Marvel was "deliberately hidden away from [him]" and he became aware of concerns about her memory and plans for her to move away from the farm. (*Id*. ¶¶ 3–4.)

On July 11, 2023, in response to the TRO Motion and in light of the state court proceedings, which were then still pending, this Court issued an Order to Show Cause [Doc. No. 16], as to whether the state court action is a parallel proceeding that warrants abstention and what authority this Court has to review the decisions of the state court judge. Plaintiff filed his response [Doc. No. 29], and Tharp also filed a response [Doc. No. 31] to the Court's Show Cause Order, on July 18, 2023.

In addition, on July 18, the Walstroms filed a Motion to Dismiss the instant action or, in the Alternative, to Stay Proceedings, in light of the state court litigation [Doc. No. 22]. The hearing on the Walstrom's Motion to Dismiss is scheduled to occur on September 13, 2023.

II.   **DISCUSSION**

Federal Rule of Civil Procedure 65 authorizes the Court to grant injunctive relief in the form of a temporary restraining order. The purpose of a temporary restraining order is to maintain the status quo. *Kelley v. First Westroads Bank*, 840 F.2d 554, 558 (8th Cir.

8

1988). However, injunctive relief is an "extraordinary" remedy and the burden rests with the movant to establish that it should be granted. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (discussing motion for preliminary injunction); *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) (noting that the standard for analyzing a motion for a temporary restraining order is the same as a motion for a preliminary injunction). To determine whether injunctive relief is proper, a district court considers four factors: (1) the movant's likelihood of success on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between the harm to the movant and the injury that granting an injunction will inflict on other parties to the litigation, and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

As noted, Plaintiff seeks a TRO to "stop[] any action by the Defendants, including Janet [Tharp] as the purported trustee," such as the "possible dissipation of trust funds and the sale of the trust farmland," "until there is a determination about who is the proper trustee[.]" (Pl.'s Mem. at 2, 14–15.) For several reasons, the Court finds that Plaintiff has not met his burden of providing evidence that the threat of irreparable harm from these "possible" events is imminent. *Sessler v. City of Davenport, Iowa*, 990 F.3d 1150, 1152 (8th Cir. 2021) (finding vague allegations of harm failed to establish participation in threatened activity in the imminent future). First, Plaintiff's vague request to "stop any action by the Defendants" (Pl.'s Mem. at 15) fails to identify the particular conduct he seeks to enjoin. Second, the state court has now recognized Tharp as the Trustee, rendering moot any prospective enjoinment of such action, to the extent Plaintiff seeks this form of relief. Tharp also disavows any role in Marvel's plan to move away from the farm and

9

Marvel's resignation as Trustee.  (Tharp Aff. [Doc. No. 20] ¶ 1.)  Third, Plaintiff's request to enjoin the "possible" dissipation of Trust funds and the sale of the farmland is entirely speculative.  He presents no evidence of misappropriated or misused Trust funds or of the potential sale of the farmland.  Rather, Tharp attests that she attempted to access the Trust accounts in order to pay for maintenance and upkeep of the property, (*id*. ¶¶ 3–4), and she has not made, nor is she currently making any plans to sell the Trust property.  (Id. ¶ 6.)  In addition, counsel for plaintiffs in both federal and state court filed a Notice of Lis Pendens concerning the property, alerting any potential purchasers to the parties' litigation.

Moreover, even if there was evidence that Trust funds were being misappropriated, any such harm to Plaintiff could be remedied through monetary relief, defeating his claim of irreparable harm.  *Tumey*, 27 F.4th at 667 (noting that availability of money damages as compensation for alleged injury necessarily means that harm is not irreparable).

Accordingly, because there is no showing of irreparable harm at this time, the Court denies Plaintiff's request for a TRO.  *Watkins*, 346 F.3d at 844 (stating that the failure to show irreparable harm is an independently sufficient ground upon which to deny a request for injunctive relief).

However, because defense counsel have now entered appearances in this matter, if Plaintiff believes that he has sufficient evidence of the threat of irreparable harm and wishes to seek injunctive relief, he may file a motion for a preliminary injunction, to be heard at the same time as the hearing on the Walstrom's Motion to Dismiss.  If Plaintiff elects to do so, the parties will have the opportunity to more fully address the question of the deference to be afforded the state court rulings, in light of the recent closing of the state

court case. If Plaintiff files such a motion, the briefing schedule must follow Local Rule 7.1.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order [Doc. No. 8] is **DENIED**.

Dated: July 21, 2023

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge