UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Roehrs,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sandra Walstrom, Ervin Abraham, Janet Tharp, and Garry Walstrom,<br><br>　　　　　Defendants. | Case No.: 0:23-cv-01885-SRN-DLM<br><br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS** |

Kristina Kaluza and Mickey L. Stevens, Dykema Gossett PLLC, 4000 Wells Fargo Center. 90 South 7th St, Minneapolis, MN 55402, for Plaintiff

Bartley S. Messick and Bethany J. Rubin. Messick Law, PLLC, 7595 Currell Blvd, Ste 251444, Woodbury, MN 55125, for Defendants Sandra and Garry Walstrom

Charles K Maier, Lathrop GPM LLP, 80 S 8th St, Ste 3100 IDS Center, Minneapolis, MN 55402, for Defendant Ervin Abraham

J. Robert Keena and Neven Selimovic, Hellmuth & Johnson PLLC, 8050 W 78th St, Edina, MN 55439, for Defendant Janet Tharp

SUSAN RICHARD NELSON, United States District Judge

　　　This matter is before the Court on the Motion to Dismiss or in the Alternative, to Stay Proceedings [Doc. No. 22] filed by Defendants Sandra and Garry Walstrom. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES IN PART** and **GRANTS IN PART** Defendants' motion.

1

## I. BACKGROUND

Steven Roehrs[1] alleges that pursuant to a certain trust agreement (the "Trust Agreement") establishing a trust (the "Trust") over his father Ronald E. Roehrs' farmland after his father's death, he is the rightful successor trustee, and that due to misconduct by his stepmother and previous trustee Marvel E. Roehrs ("Marvel" or "Bonnie"), as well as several of his siblings by birth and marriage (the Defendants), he has been wrongfully deprived of this role. (*See* Complaint ("Compl.") ¶ 44.)

Steven alleges unjust enrichment, violations of Minn. Stat. § 501C.0813 and the Trust Agreement, breaches of fiduciary duty, conversion, and aiding and abetting others' torts, and seeks a declaratory judgment that Marvel is unable to serve as trustee of the Trust, that a beneficiary vote naming Defendant Janet Tharp as successor trustee was invalid, and that he should be appointed trustee of the Trust. He also seeks disgorgement of certain funds, access to Trust records and a full accounting, and costs, expenses, and attorney's fees in connection with this litigation. (Compl. ¶¶ 45-126.)

In this motion, Defendants seek dismissal of all claims, or in the alternative a stay of the proceedings, while a parallel litigation in state court between Steven's brother Michael Roehrs and the Trust is fully concluded.

---

[1] While the Court typically refers to the parties by their last name, where more than one party shares the same name, the Court will refer to them by their first name.

### A. Factual Background

Plaintiff is one of six beneficiaries of the Trust, as set forth in the Trust Agreement. (Berens Decl. [Doc. No. 11], Ex. A (Tr. Agmt.)[2] The other beneficiaries are Steven's siblings: Rhonda Conrath, Michael Roehrs, Daniel Roehrs, Defendant Sandra Walstrom, and Defendant Janet Tharp. (Compl. at 1; Tr. Agmt. § V.A–B.) Defendant Ervin Abraham is Plaintiff's stepbrother, and Defendant Garry Walstrom is Plaintiff's brother-in-law and the spouse of Sandra. (Compl. at 1–2.) The primary asset of the Trust is approximately 120 acres of farmland located in Waseca County, Minnesota. (*See* Tr. Agmt., Schedule of Trust Assets.)

Pursuant to the terms of the Trust Agreement, after the death of Ronald Roehrs, Ronald's widow and Plaintiff's stepmother, Marvel, became the Trustee. (Tr. Agmt. § V.A.) In addition, upon Ronald's death, the Trust Agreement gives Marvel the right to occupy a residence located on the Trust land "for so long as she wishes to occupy it as her principal residence," as well as a life estate in the Farmland owned by the Trust, and all personal property and effects formerly owned by Ronald. (*Id.*) Steven contends that

---

[2] "In addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quotation omitted). "[D]ocuments 'necessarily embraced by the complaint' are not matters outside the pleading." *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). Documents included as exhibits to Plaintiff's counsel's affidavit in support of his motion for a temporary restraining order are necessarily embraced by the Complaint, and as such will be considered by the Court. Similarly, the proceedings of the State Court Action, discussed *infra*, are a matter of public record and will be considered by the Court.

Marvel is now incapacitated and unable to fulfill her obligations as Trustee.  (Compl. at 1, 23.)

Particularly relevant here are the following provisions of the Trust Agreement:

B. Death or Disability of the Grantor as Trustee.  If at any time the Grantor has a disability (as previously defined)[3], or upon the death of the Grantor, **Marvel B. Roehrs**, is designated as the successor Trustee.  Such designee shall become the successor Trustee upon acceptance of the terms and conditions of this Trust.  If the successor Trustee is unable or unwilling to serve, Steven Roehrs is designated as alternate successor Trustee.

C. Resignation of Trustee.  The Trustee, or any successor may resign at any time by giving **10** days written notice to the Grantor.  If the Grantor is deceased, such notice shall be given to all adult beneficiaries, and to a parent or guardian, if any, of each minor beneficiary.

D. Successor Trustee.  The beneficiaries to whom such notice of resignation is given shall designate a successor Trustee by written notice to the resigning Trustee within 20 days after receipt of the notice of resignation.  If a successor Trustee is not so designated, the resigning Trustee shall have the right to secure the appointment of a successor Trustee by a court of competent jurisdiction, at the expense of the trust.

(Tr. Agmt. § VII.B.)

Steven alleges that four of his siblings and fellow Trust beneficiaries—Janet Tharp, Sandra Walstrom, Daniel Roehrs, and Rhonda Conrath—unlawfully voted to name Tharp

---

[3] As to disability, the Trust provides that:

"disability" shall mean a legal disability or the inability to provide prompt and intelligent consideration to financial matters by reasons of illness or mental or physical disability.  The determination of whether the Grantor has a disability shall be made by the Grantor's most recent attending physician.  The Trustee shall be entitled to reply on written notice of that determination.

(Tr. Agmt. § IV.B.)

as Successor Trustee if Marvel is no longer Trustee. (Compl. at 2.) Plaintiff contends that under the Trust Agreement, he is the rightful Successor Trustee. (*Id*.) Even prior to the vote, Plaintiff asserts that Sandra and Defendant Ervin Abraham, Marvel's biological son, have unlawfully acted as *de facto* trustees.[4] (*Id*. at 1–2.) Steven further contends that Defendant Garry Walstrom and Tharp have acted in furtherance of Sandra and Abraham's impermissible conduct by renting the farmland to the Walstroms for less than fair market rental value. (*See id*. at 2.)

On June 20, 2023, Marvel gave written notice of her intent to resign as Trustee, effective 10 days from the date of service of the letter. (Berens Decl., Ex. C (June 21, 2023 Ltr. From Marvel Roehrs to J. Hanks; June 20, 2023 Resignation Notice).) She also gave notice of her intent to relocate her primary residence within 40 days of the date of the letter. (*Id*.)  On July 11, 2023, Judge Carol M. Hanks, in a related action in Waseca County District Court, confirmed Tharp's appointment as Trustee, and ordered entry of judgment. (Selimovic Aff. [Doc. No. 19], Ex. A (July 11, 2023 Order).)

B. **Procedural History**

1. **State Court Action**

On February 15, 2023, Michael Roehrs, brother of both Plaintiff Steven Roehrs and Defendant Sandra Walstrom, filed a petition in Minnesota State Court, Waseca County, *In the Matter of the Ronald E. Roehrs Trust dated August 9, 1999*, No. 81-CV-23-104

---

[4] In March 2021, Marvel granted Sandra and Abraham powers of attorney on her behalf. (Compl., Ex. A.)

5

(Waseca Cnty. 2023, Pet., Doc. No. 2) (the "State Court Action"). Michael was represented by the Mankato-based Blethen Berens firm. (Waseca Cnty., Notice of Representation & Parties, Doc. No. 1.) Tharp, Sandra, Conrath, Daniel, and Marvel were represented by counsel in state court, while Steven appeared pro se. (*Id.*)

Michael's state court petition, which is captioned "Petition for Removal of Trustee, Appointment of Successor Trustee, Accounting, and Other Relief," concerned the same Trust at issue in the federal lawsuit. In the Petition, Michael sought: (1) the removal of Marvel as Trustee due to her incapacity (Selimovic Aff., Ex. E (Waseca Cnty. Am. Pet.), Count I); (2) the appointment of Steven as Successor Trustee (*id.*, Count II); (3) an accounting and expenditure of Trust assets (*id.*, Count III); (4) investment of Trust assets and injunctive relief (*id.*, Count IV); and (5) interpretation of the Trust Agreement language such that any excess income, after payment of various taxes and maintenance fees, be added to the principal of the Trust and not distributed to Marvel or any other beneficiary for any other purpose. (*Id.*, Count V).

As to the requested injunctive relief, Michael sought to enjoin Marvel, in the event she was not removed as Trustee, from renting the farmland for crop year 2023–24 or future crop years except under one of the following conditions: (1) at fair market value as determined by open, competitive bids; (2) in an amount approved by the written consent of all qualified beneficiaries; or (3) upon an order from the court. (*Id.*, Count IV.) In addition, Michael sought a detailed audit of the Trust records, as well as attorney's fees and costs. (*Id.* at 13.)

Among the documents filed in the state court docket was a June 5, 2023 Notice of Lis Pendens filed by Barbara Berens, who until October 2, 2023 appeared as counsel for Steven in the federal court action. (Selimovic Aff., Ex. F (Waseca Cnty. Notice of Lis Pendens); Notice of Withdrawal and Substitution of Counsel [Doc. No. 42].) The document provides constructive notice to any prospective property buyers that the Trust property is in dispute and is the subject of pending litigation. (*Id*. at 1.)

In the State Court Action, Michael filed a motion for a preliminary injunction in which he sought to remove Marvel as Trustee, appoint Steven as Interim Trustee, and to prohibit Marvel from renting the farmland at below-market rates. (Waseca Cnty., Pl.'s Mem. Supp. Mot. for Prelim. Injunction, Doc. No. 24; Pl.'s Supp'l Mem. at 1, Doc. No. 49.) Judge Hanks, presiding over the State Court Action, denied the motion. (Selimovic Aff., Ex. G (Waseca Cnty., June 13, 2023 Order at 1). Although Judge Hanks did not provide her reasoning in her ruling, at the hearing on the motion, she voiced her agreement with the interpretation of the Trust Agreement proffered by Mr. John Robert Keena, counsel for Tharp, Conrath, and Daniel.[5] (Waseca Cnty., Apr. 5, 2023 Tr., Doc. No. 58, at

---

[5] Mr. Keena had argued that pursuant to the terms of the Trust Agreement: (1) as long as the Trustee preserves the Trust, i.e., the farm, and meets various obligations such as taxes, the Trustee is under no obligation to rent the property at a particular rental rate, and may invest Trust assets and receive reasonable compensation for their services as Trustee; and (2) Steven, as Alternate Successor Trustee, could become the Successor Trustee, if, at the time of his father's death, Marvel was deceased or unable to serve as Trustee, which did not occur; and (3) in all other circumstances, when Marvel's time as Trustee ends, the beneficiaries may designate a new Trustee by voting. (Waseca Cnty., Apr. 5, 2023 Tr. at 6–12, Doc. No. 58.)

12:18-20) (stating, "Mr. Keena, I want to thank you because your reading of this Trust is exactly how I read it, and I was questioning why we are here.").

As noted, on June 20, 2023, Marvel gave notice of her intent to resign as Trustee, effective 10 days from the date of service of the letter. (June 20, 2023 Resignation Notice.) On July 7, 2023, counsel for Tharp asked the Waseca County District Court for an interim order confirming Tharp's appointment as Trustee following Marvel's resignation. (Waseca Cnty., July 7, 2023 Letter, Doc. No. 59.) On July 11, 2023, Judge Hanks confirmed Tharp's appointment as Trustee, and ordered entry of judgment. (Selimovic Aff., Ex. A (July 11, 2023 Order).) The Clerk of Court entered judgment on July 19, 2023, and closed the State Court Action. (Waseca Cnty., J. and Notice of Entry of J., Doc. Nos. 65 & 66.)

On August 22, 2023, Michael Roehrs appealed Judge Hanks' decision to the Minnesota Court of Appeals. *See In the Matter of the Ronald E. Roehrs Trust dated August 9, 1999*, No. A23-1248 (Mn. Ct. App. 2023). Michael's appeal argues that the Waseca County District Court Judge erred by issuing a permanent order allegedly without requiring Tharp to abide by state procedural rules, without providing Michael an opportunity to oppose the procedural and substantive aspects of the entry of the order, and without Michael having the opportunity to respond to the order, conduct discovery or otherwise litigate the merits of his claim. (*Id.*) The appeal has been fully briefed, and oral argument is scheduled for February 7, 2024. (*Id.*)

### 2. Federal Court Action

On June 21, 2023, Steven filed a complaint seeking a declaration that: (1) Marvel is unable to continue as Trustee and is therefore removed; (2) the four siblings' vote naming Tharp as Successor Trustee is invalid under Minn Stat. § 501C.0704(c) and the express terms of the Trust Agreement; (3) Tharp is not permitted to usurp Plaintiff's role as Successor Trustee; (4) Plaintiff shall be appointed to serve as Successor Trustee; and (5) the Trust's farmland may not be sold until the issues raised by Plaintiff's challenges have been resolved on the merits. (Compl. ¶¶ 45-64.) Through Plaintiff's other claims, he seeks a disgorgement of funds reflecting the difference between fair market rent and actual rent paid by the Walstroms for use of the Trust's farmland (*id*. ¶¶ 65-73), contends that Sandra and Abraham have breached their fiduciary duties as de facto trustees by permitting the farmland to be rented at less than fair market value (*id*., ¶¶ 95-113), claims that all of the Defendants have aided and abetted the unlawful, impermissible conduct concerning the Trust, (*id*., ¶¶ 120-26), and requests that as Successor Trustee, the Court permit him to conduct a detailed audit of all Trust records. (*Id*. at 23-24.) Steven also seeks attorney's fees and costs.

On July 7, 2023, Steven Roehrs filed a motion for a temporary restraining order, seeking to prevent the appointment of Janet Tharp as successor Trustee [Doc. No. 8]. This motion was denied by this Court on July 21, 2023. *See Roehrs v. Walstrom*, No. 23-cv-01885 (SRN/DLM), 2023 WL 4677735 (D. Minn. July 21, 2023).

On July 18, 2023, Defendants Sandra and Garry Walstrom filed a motion to dismiss the Complaint, or in the alternative to grant a stay [Doc. No. 22]. The Walstroms' motion

9

argues that the Complaint is barred by *res judicata* due to the State Court Action, but in the alternative, this Court should abstain. On July 21, 2023, Janet Tharp filed her answer to the complaint [Doc. No. 34]. On August 2, 2023, Ervin Abraham filed his answer [Doc. No. 37]. On September 13, 2023, a hearing was held on the motion to dismiss. (*See* Hearing Trans. [Doc. No. 46].) At this hearing, the issue of "claim splitting" and federal court abstention was raised, and the Court requested supplemental briefing from the parties. (*Id*. 13:3-20.) The parties subsequently briefed these issues.

## II.     DISCUSSION

### A.     Legal Standard

A district court has the power to stay proceedings when facing concurrent state and federal litigation as part of its inherent power to control its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *see also Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) (citing *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir.1990)). District courts have this inherent authority to temporarily stay cases as part of their power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55.

Separately, courts may abstain (by dismissing or staying) from a federal suit "due to the presence of a concurrent state proceeding[.]" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The court first considers whether the state and federal actions are genuinely parallel. *See Fru-Con Constr. Corp. v. Controlled Air, Inc.*,

574 F.3d 527, 535 (8th Cir. 2009). If they are, the court looks to six factors in determining whether a stay is appropriate:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc.*, 48 F.3d 294, 297 (8th Cir. 1995) (quoting *United States Fidelity & Guar. Co. v. Murphy Oil USA*, 21 F.3d 259, 263 (8th Cir.1994) and citing the *Colorado River* factors). The Court's inherent authority to manage its own docket by granting a stay in a pending litigation is distinct from *Colorado River* abstention. *See Kreditverein Der Bank Austria Creditandstalt Fur Niederosterreich Und Bergenland v. Nejezchleba*, 477 F.3d 942, 945-46 (8th Cir. 2007) (noting distinction between stay due to *Colorado River* abstention and stay under court's inherent power).

    **B.**    **Analysis**

In their motion and in both their initial and supplemental briefing, the Walstroms argue that this Court can and should stay this litigation due to the ongoing appeal of Judge Hanks' decision in the State Court Action. The Walstroms argue that under the *Colorado River* factors, a stay is appropriate, as the federal forum is inconvenient for Defendants, this action will result in piecemeal litigation, the state court has priority, only state law

11

questions are at issue, and the state forum can adequately protect Plaintiff's rights. (Defs' Br. [Doc. No. 25] at 8; Defs' Supplemental Br. [Doc. No. 43] at 8-12.)

Plaintiff argues that this action should not be stayed, as it does not meet the prerequisites for a stay under Eighth Circuit case law. Plaintiff argues that this action and the State Court Action are not parallel, as the parties in the cases are distinct, several state claims have not been meaningfully litigated, and there is doubt that the state court litigation will fully dispose of the claims in this suit. (Pl's Br. [Doc. No. 39] at 8-24; Pl's Supplemental Br. [Doc. No. 47] at 11-14.) Plaintiff also argues that even if the Court reaches the *Colorado River* factors, they do not counsel a stay. (Pl's Br. at 24-28.)

The authority of a district court to grant a stay under its inherent authority to manage its own docket is limited to temporary stays, as a permanent stay is treated as tantamount to a dismissal. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 27-28 (1983). However, a stay order is only final when "the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit to a state court." *Id*. at 11 n.11; *see also Boushel v. Toro Co.*, 985 F.2d 406, 408 (8th Cir. 1993) ("The only time that an order granting a stay will be considered a final order is if [the stay] is tantamount to a dismissal and [the stay] effectively ends the litigation.") Where a stay "merely temporarily suspend[s] the federal case" while ongoing state administrative and judicial review proceedings are completed, a district court is well within its inherent authority to issue a temporary stay. *Lunde*, 898 F.2d at 1345. This can be true even where abstention would be appropriate as to some but not all claims in a litigation. *See Calleros v. FSI Int'l, Inc.*, 892 F. Supp. 2d 1163, 1171 n.8 (D. Minn. 2012).

12

When determining whether to grant a temporary stay, the Court determines whether "such a stay properly balances the rights of the parties and serves the interests of judicial economy." *Cottrell*, 737 F.3d at 1249 (reversing a finding that *Colorado River* abstention applied and remanding to the district court to allow it to, under its inherent docket-management authority, "impose a more finite and less comprehensive stay" than the initial stay granted by the court). Moreover, when considering whether to stay or dismiss a claim due to the existence of duplicative litigations, federal courts tend to grant priority to the first-filed case. *Cf. Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (dismissing a case under the "first to file" rule). However, the party seeking a stay must demonstrate a "specific hardship or inequity if he or she is required to go forward." *Daywitt v. State of Minnesota*, No. 14-CV-4526 (WMW/LIB), 2016 WL 3004626, at *5 (D. Minn. May 24, 2016) (quoting *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (Beam, J., concurring)).

The Court finds that granting a temporary stay to these proceedings serves the interests of both judicial economy and justice. A judgment has already been entered in the State Court Action concerning claims that substantially overlap those raised by the Plaintiff in this action. The State Court Action is now before the Minnesota Court of Appeals, is fully briefed, and is scheduled for oral argument in less than 40 days. A temporary stay will allow the Minnesota Court of Appeals to possibly resolve some or all of the substantive issues before this Court.

Moreover, neither the rights of the Plaintiff nor Defendants are unfairly trammeled by such a stay. While the Plaintiff is correct that it is not mandatory for him to bring cross-

13

claims in the State Court Action to vindicate his rights, *see Denzer v. Frisch*, 430 N.W.2d 471, 474–75 (Minn. Ct. App. 1988) (citing Minn. R. Civ. P. 13.07); *see also Augustin v. Mughal*, 521 F.2d 1215, 1216 (8th Cir. 1975), his choice to preserve these claims for a separate federal litigation—one begun months after the start of the State Court Action, of which he had knowledge, and shortly before a decision was issued in that case—affects the balance of equities. Moreover, the state court has spoken in the State Court Action on claims that are entirely based in state law.

In this, the Court's decision here is distinguishable from its decision in *Wiley v. Portfolio Recovery Assocs., LLC*, Case No. 20-cv-00737 (SRN/KMM), 2020 WL 6136146 (D. Minn. Oct. 19, 2020), cited by Plaintiff. There, the plaintiff asserted federal claims under the Fair Debt Collection Practices Act, and there had been neither a final ruling on any issue of fact nor had the majority of the questions of law been determined in either litigation. While there was no immediate risk of inconsistent rulings there, there is in the instant case. Moreover, unlike in *Wiley*, where the burden of concurrent litigation was borne similarly by both parties, here it is borne principally by the party seeking a stay, as Steven is not a litigant in the State Court Action while the Defendants here have appeared there. While these burdens did not rise "to the level of hardship or inequity required" for a stay in *Wiley*, 2020 WL 6136146 at *4, here the possibility of inconsistent decisions, and the identified burden on the Defendants of concurrent litigation in federal court, constitute a sufficiently specific hardship or inequity for a stay to issue.

As such, the Court finds that the interests of both judicial economy and justice are best served by allowing the current appeal in the State Court Action to resolve before this

action proceeds further. As such, the Court will grant a temporary stay until the Minnesota Court of Appeals issues a decision on the appeal before it in *In the Matter of the Ronald E. Roehrs Trust dated August 9, 1999*, No. A23-1248 (Mn. Ct. App. 2023). At that time and considering the Court of Appeals' decision, the Court will re-evaluate whether to extend the stay, hear a renewed motion to dismiss by the Walstroms, or otherwise proceed with this litigation.[6]

### III.  ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or in the Alternative Stay Proceedings [Doc. No. 22] is **GRANTED IN PART** and **DENIED IN PART**.

Dated: January 2, 2024

s/ *Susan Richard Nelson*
SUSAN RICHARD NELSON
United States District Judge

---

[6] As the Court has granted a temporary stay, it need not reach the question of whether *Colorado River* abstention applies in the instant case.