UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Roehrs,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sandra Walstrom, Ervin Abraham, Janet Tharp, and Garry Walstrom,<br><br>　　　　　Defendants. | Case No.: 0:23-cv-01885-SRN-DLM<br><br>ORDER EXTENDING THE COURT'S STAY OF PROCEEDINGS |

Kristina Kaluza and Mickey L. Stevens, Dykema Gossett PLLC, 4000 Wells Fargo Center. 90 South 7th St, Minneapolis, MN 55402, for Plaintiff

Bartley S. Messick and Bethany J. Rubin. Messick Law, PLLC, 7595 Currell Blvd, Ste 251444, Woodbury, MN 55125, for Defendants Sandra and Garry Walstrom

Charles K Maier, Lathrop GPM LLP, 80 S 8th St, Ste 3100 IDS Center, Minneapolis, MN 55402, for Defendant Ervin Abraham

J. Robert Keena and Neven Selimovic, Hellmuth & Johnson PLLC, 8050 W 78th St, Edina, MN 55439, for Defendant Janet Tharp

SUSAN RICHARD NELSON, United States District Judge

　　This matter is before the Court on the Court's previous Order Denying Defendants' Motion to Dismiss and Granting Defendants' Motion to Stay Proceedings [Doc. No. 48]. Pursuant to that Order, the Court **EXTENDS** its stay of these proceedings until the Waseca County District Court has made findings and clarified its order pursuant to the Minnesota Court of Appeals' decision in *In the Matter of the Ronald E. Roehrs Trust Dated August 9, 1999*, A23-1248.

1

I. **BACKGROUND**

The factual background and procedural history of this case is discussed in this Court's previous orders. In brief, this dispute concerns control and management of family farmland. In a Minnesota state court action beginning on February 15, 2023, Michael Roehrs[1]—brother of Plaintiff Steven Roehrs and brother, stepbrother, and brother-in-law to the Defendants in this case—sought various relief relating to the administration of the Ronald E. Roehrs Trust (the "Trust"), which holds the family's farmland. (*In the Matter of the Ronald E. Roehrs Trust dated August 9, 1999*, No. 81-CV-23-104 (Waseca Cnty. 2023, Pet., Doc. No. 2) (the "State Court Action").) On July 11, 2023, the Waseca County District Court confirmed Defendant Janet Tharp's appointment as Trustee of the Trust, and ordered entry of judgment. (Selimovic Aff. [Doc. No. 19], Ex. A (July 11, 2023 Order).)

On August 22, 2023, Michael appealed the Waseca County District Court's decision to the Minnesota Court of Appeals. *See In the Matter of the Ronald E. Roehrs Trust dated August 9, 1999*, No. A23-1248 (Mn. Ct. App. 2023). Michael's appeal argues that the Waseca County District Court Judge erred by issuing a permanent order allegedly without requiring Tharp to abide by state procedural rules, without providing Michael an opportunity to oppose the procedural and substantive aspects of the entry of the order, and without Michael having the opportunity to respond to the order, conduct discovery or otherwise litigate the merits of his claim. (*Id*.)

---

[1] While the Court typically refers to the parties by their last name, where more than one party shares the same name, the Court will refer to them by their first name.

Meanwhile, on June 21, 2023, Steven Roehrs filed a complaint in the District of Minnesota, alleging that he is the rightful successor trustee of the Trust, and that due to misconduct by his stepmother and previous trustee Marvel E. Roehrs, as well as several of his siblings by birth and marriage (the Defendants), he has been wrongfully deprived of this role. (*See* Complaint ("Compl.") ¶ 44.) He seeks a declaratory judgment that Marvel is unable to serve as trustee of the Trust, that a beneficiary vote naming Defendant Janet Tharp as successor trustee was invalid, and that he should be appointed trustee of the Trust. He also seeks disgorgement of certain funds, access to Trust records and a full accounting, and costs, expenses, and attorney's fees in connection with this litigation. (Compl. ¶¶ 45-126.)

On July 18, 2023, Defendants Sandra and Garry Walstrom filed a motion to dismiss the Complaint, or in the alternative to grant a stay [Doc. No. 22]. On January 2, 2024, this Court denied Defendants' motion to dismiss, but granted their motion for a stay of proceedings until the Minnesota Court of Appeals issued a decision on the appeal before it in the State Court Action. The Court found that "the interests of both judicial economy and justice are best served by allowing the current appeal in the State Court Action to resolve before this action proceeds further." *See Roehrs v. Walstrom*, Case No. 0:23-cv-01885-SRN-DLM, 2024 WL 22089 at *7 (D. Minn. Jan. 2, 2024).

On April 30, 2024, the Minnesota Court of Appeals ruled on Michael's appeal. In *In the Matter of the Ronald E. Roehrs Trust Dated August 9, 1999*, the Minnesota Court of Appeals held that "because we cannot discern the bases for the district court's rulings, we remand for the district court to make findings and clarify its order. Whether to reopen the

3

record shall be discretionary with the district court." A23-1248, 2024 WL 1986080 at *2 (Mn. Ct. App. Apr. 30, 2024).

On May 2, 2024, Plaintiff and Defendants submitted a joint status update to the Court, providing the Court with a copy of the Minnesota Court of Appeals' decision [Doc. No. 50]. On May 8, 2024, Steven provided a letter informing the Court that should the Court lift its stay of this litigation, he would seek to file a motion for leave to amend the Complaint to allege additional facts, name additional defendants, and add a new count seeking declaratory judgment [Doc. No. 51].

## II.     DISCUSSION

### A.     Legal Standard

A district court has the power to stay proceedings when facing concurrent state and federal litigation as part of its inherent power to control its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *see also Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) (citing *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir.1990)). District courts have this inherent authority to temporarily stay cases as part of their power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

The Court finds that continuing its temporary stay of these proceedings serves the interests of both judicial economy and justice. The Minnesota Court of Appeals has remanded the State Court Action for the district court to make findings and clarify its order.

4

Continuation of the temporary stay will allow the Waseca County District Court to possibly resolve some or all of the substantive issues before this Court. As such, the Court will extend the temporary stay until the Waseca County District Court issues a decision making findings and clarifying its order in the State Court Action. At that time and considering the district court's decision, the Court will re-evaluate whether to extend the stay, hear Steven's motion for leave to amend the Complaint, or otherwise proceed with this litigation.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that, pursuant to the Court's Order Denying Defendants' Motion to Dismiss and Granting Defendants' Motion to Stay Proceedings [Doc. No. 48], the stay of proceedings is **EXTENDED**.

Dated: May 9, 2024                        s/ *Susan Richard Nelson*
                                                            SUSAN RICHARD NELSON
                                                            United States District Judge