UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Roehrs,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sandra Walstrom, Ervin Abraham, Janet Tharp, and Garry Walstrom,<br><br>　　　　Defendants. | Case No.: 0:23-cv-01885-SRN-DLM<br><br><br>SECOND ORDER EXTENDING THE COURT'S STAY OF PROCEEDINGS |

Kristina Kaluza and Mickey L. Stevens, Dykema Gossett PLLC, 4000 Wells Fargo Center. 90 South 7th St, Minneapolis, MN 55402, for Plaintiff

Bartley S. Messick and Bethany J. Rubin. Messick Law, PLLC, 7595 Currell Blvd, Ste 251444, Woodbury, MN 55125, for Defendants Sandra and Garry Walstrom

Charles K Maier, Lathrop GPM LLP, 80 S 8th St, Ste 3100 IDS Center, Minneapolis, MN 55402, for Defendant Ervin Abraham

J. Robert Keena and Neven Selimovic, Hellmuth & Johnson PLLC, 8050 W 78th St, Edina, MN 55439, for Defendant Janet Tharp

SUSAN RICHARD NELSON, United States District Judge

　　This matter is before the Court on the Court's previous Orders Denying Defendants' Motion to Dismiss and Granting Defendants' Motion to Stay Proceedings [Doc. No. 48] and Extending the Court's Stay of Proceedings [Doc. No. 52]. Pursuant to those Orders, the Court **EXTENDS** its stay of these proceedings until the Waseca County District Court has issued an order following its stated intent to hold a review hearing, and the resolution of any related appeals to the Minnesota Court of Appeals and Minnesota Supreme Court.

1

I.  **BACKGROUND**

The factual background and procedural history of this case is discussed in this Court's previous orders. In brief, this dispute concerns control and management of family farmland. In a Minnesota state court action beginning on February 15, 2023, Michael Roehrs[1]—brother of Plaintiff Steven Roehrs and brother, stepbrother, and brother-in-law to the Defendants in this case—sought various relief relating to the administration of the Ronald E. Roehrs Trust (the "Trust"), which holds the family's farmland. (*In the Matter of the Ronald E. Roehrs Trust dated August 9, 1999*, No. 81-CV-23-104 (Waseca Cnty. 2023, Pet., Doc. No. 2) (the "State Court Action").) On July 11, 2023, Judge Carol M. Hanks of the Waseca County District Court confirmed Defendant Janet Tharp's appointment as Trustee of the Trust, and ordered entry of judgment. (Selimovic Aff. [Doc. No. 19], Ex. A (July 11, 2023 Order).) On August 22, 2023, Michael appealed the Waseca County District Court's decision to the Minnesota Court of Appeals. *See In the Matter of the Ronald E. Roehrs Trust dated August 9, 1999*, No. A23-1248 (Mn. Ct. App. 2023).

Meanwhile, on June 21, 2023, Steven Roehrs filed a complaint in the District of Minnesota. (*See* Complaint ("Compl.") ¶ 44.) On July 18, 2023, Defendants Sandra and Garry Walstrom filed a motion to dismiss the Complaint, or in the alternative to grant a stay [Doc. No. 22]. On January 2, 2024, this Court denied Defendants' motion to dismiss, but granted their motion for a stay of proceedings until the Minnesota Court of Appeals

---

[1] While the Court typically refers to the parties by their last name, where more than one party shares the same name, the Court will refer to them by their first name.

issued a decision on the appeal before it in the State Court Action. The Court found that "the interests of both judicial economy and justice are best served by allowing the current appeal in the State Court Action to resolve before this action proceeds further." *See Roehrs v. Walstrom*, Case No. 0:23-cv-01885-SRN-DLM, 2024 WL 22089 at *7 (D. Minn. Jan. 2, 2024).

On April 30, 2024, the Minnesota Court of Appeals ruled on Michael's appeal. In *In the Matter of the Ronald E. Roehrs Trust Dated August 9, 1999*, the Minnesota Court of Appeals held that "because we cannot discern the bases for the district court's rulings, we remand for the district court to make findings and clarify its order. Whether to reopen the record shall be discretionary with the district court." A23-1248, 2024 WL 1986080 at *2 (Mn. Ct. App. Apr. 30, 2024).

On May 2, 2024, Plaintiff and Defendants submitted a joint status update to the Court, providing the Court with a copy of the Minnesota Court of Appeals' decision [Doc. No. 50]. On May 8, 2024, Steven provided a letter informing the Court that should the Court lift its stay of this litigation, he would seek to file a motion for leave to amend the Complaint to allege additional facts, name additional defendants, and add a new count seeking declaratory judgment [Doc. No. 51].

On May 9, 2024, the Court issued an order extending the stay of proceedings [Doc. No. 52] ("First Extension Order"). The Court found that "continuing its temporary stay of these proceedings serves the interests of both judicial economy and justice[, as t]he Minnesota Court of Appeals has remanded the State Court Action for the district court to make findings and clarify its order." (*Id*. at 4.)

3

On June 12, 2024, the Waseca County District Court issued an order on remand from the Minnesota Court of Appeals. (*See* Pl's Ltr. [Doc. No. 53], Attachment 1.) Judge Hanks wrote that "it appears to this Court that the Court of Appeals has misinterpreted the issue for appeal and, thus, this Court issues this order to clarify the issue(s)." (*Id*. at 1.) Judge Hanks stated that the Court had believed that the July 11 Order was uncontested and had therefore signed it without a hearing. (*Id*. at 1-2.) Judge Hanks then ordered the scheduling of a review hearing, and stated that "[i]f any party wishes the Court to consider an issue, they must timely file with the Court a proper motion and serve all parties to this action so all parties have an opportunity to be heard by the Court." (*Id*. at 2.)

On June 17, 2024, Plaintiff submitted a letter to the Court, providing the Court with a copy of the Waseca County District Court's decision, and seeking the Court's guidance concerning whether to file a Motion to Lift the Stay. (Pl's Ltr.)

## II.   DISCUSSION

A district court has the power to stay proceedings when facing concurrent state and federal litigation as part of its inherent power to control its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *see also Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) (citing *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir.1990)). District courts have this inherent authority to temporarily stay cases as part of their power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. "The Court has substantial discretion to weigh these factors based

4

on the unique circumstances of the case before it and to decide whether a stay is appropriate." *Cent. States Se. & Sw. Areas Pension Fund v. Lakeville Transp. Inc.*, Case No. 18-cv-1863-SRN-KMM, 2021 WL 1661239, at *1 (D. Minn. Apr. 28, 2021).

The Court finds that continuing its temporary stay of these proceedings still serves the interests of both judicial economy and justice. In its April 30 order, the Minnesota Court of Appeals remanded the State Court Action for the district court to make findings and clarify its order. The Waseca County District Court has scheduled a review hearing to address any issues the parties may raise in this matter and will address them in the order that follows the hearing, subject to possible further appeals. Until such appeals are resolved, the temporary stay will remain in effect and allow the Waseca County District Court—as ordered by the Minnesota Court of Appeals—to address some or all of the substantive issues before this Court.

The parties must keep the Court apprised of any orders issued by the Waseca County District Court and any appeals that may follow those orders. At that time, the Court will re-evaluate whether to extend the stay, hear Steven's previous motion for leave to amend the Complaint, or otherwise proceed with this litigation.

## III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that, pursuant to the Court's Orders Denying Defendants' Motion to Dismiss and Granting Defendants' Motion to Stay Proceedings [Doc. No. 48] and Extending the Court's Stay of Proceedings [Doc. No. 52], the stay of proceedings is **EXTENDED**.


Dated: June 18, 2024                               s/ *Susan Richard Nelson*
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge